UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MAIORANO, individually, and as Successor In Interest to ANTHONY MAIORANO, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT USA, INC., and RESIN PARTNERS, INC., <br><br> Defendants. | Case No.: 16cv2862-BEN-MDD <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> **[ECF NO. 29]** |

Before the Court is the Joint Motion of the parties, filed on October 5, 2017, to determine a discovery dispute regarding each of the Defendants' responses to requests for production ("RFP"). (ECF No. 29). At issue are Defendants' responses to four RFPs each. For Defendant Home Depot, at issue are its responses to RFP Nos. 1, 4, 7, and 8. (ECF No. 29 at 4-9). For Defendant Resin Partners, at issue are its responses to RFP Nos. 6, 7, 8, and 13. (ECF No. 29 at 10-19).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or

1

defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

A. <u>Threshold Issues</u>

Defendants assert that the Court should not entertain the instant motion because Plaintiff did not comply with this Court's Chambers Rules

2

16cv2862-BEN-MDD

regarding the presentation of discovery disputes. (ECF No. 29 at 27-28). Defendants claim that the instant motion is untimely under this Court's "30-day rule." Also, Defendants assert that the parties were required to meet and confer regarding the dispute in person as counsel are located in the same district.

1. 30-day Rule

Regarding the "30-day rule," this Court's Chambers Rules section IV.C.2 provides that in regard to written discovery requests:

> Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. ... For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.

The 30-day rule is consistent with the duty of the Court and parties to "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P.

Plaintiff agrees that the date of service of Defendants' discovery responses was June 30, 2017, and that the responses were received July 3, 2017. Plaintiff asserts that in response to concerns raised with the production, Defendants produced additional documents on September 11, 2017. Plaintiff asserts that since the supplemental production did not resolve the dispute, the dispute arose on that date, making this instant motion timely. Plaintiff appears to be suggesting that because Defendants later produced additional information in response to meet and confer efforts, the 30-day rule was reset with the subsequent production.

The Court disagrees with Plaintiff's interpretation of the rule. If Plaintiff was correct, the 30-day rule would lose its meaning in the face of rolling production and disagreements about production, followed by

additional production.  The point of the 30-day rule is to compel parties timely to address disputes and to allow the Court effectively to monitor discovery and timely to intervene.  The Court regularly receives joint motions from parties asking to extend the 30-day rule on the very grounds as exist here.  These motions allow the Court to monitor the progress of discovery and, if necessary, hold a discovery conference or hearing to ensure the parties' pace and diligence.  In this Court's experience, even prisoners involved in litigation have known to file motions to extend the 30-day rule for good cause.

The Court finds that Plaintiff has not complied with the Court's 30-day rule.  Enforcing the rule can have harsh consequences.  The Court is mindful that granting or denying discovery impacts the progress and potentially the resolution of a case.  Doing so on procedural grounds, rather than reaching the merits, is unpleasant.  Consequently, the Court will reach the merits of the dispute but only in a cursory manner – the Court will examine the dispute to determine whether the issues presented are so material to the case that it would be fundamentally unfair to fail fully to consider the merits.

2. <u>Meet and Confer Requirements</u>

The Court's Chambers Rules paragraph IV.A. provides: "Counsel must meet and confer on all issues before contacting the Court. If counsel are located in the same district, the meet and confer must be in person." Defendants assert that the Court should not hear this discovery dispute because counsel for the parties are located in the Central District of California and the required meet and confer sessions were initiated and conducted by Plaintiff by telephone, email or written correspondence.  The Rule addresses all parties; Defendants were obliged to insist on a personal meeting or bring the matter to the Court.  Defendants' failure to object and

acquiescence to Plaintiff's error waives their objection. Otherwise, sandbagging would be encouraged.

B. <u>The Merits</u>

1. <u>Home Depot's Responses</u>

Regarding RFPs 1, 4, 7, and 8, Defendant Home Depot has agreed to provide additional responsive documents. The Court has two concerns. First, Home Depot's responses that it will be producing additional documents is insufficient under Rule 34(b)(2)(B). It is incumbent upon the producing party to produce responsive documents either within the time specified in the request or "another reasonable time specified in the response." Rule 34(b)(2)(B). Home Depot should have provided a reasonable date certain by which the additional responses would be forthcoming. The Court ORDERS such additional production to be completed no later than 14 days from the date of this Order.

Home Depot's responses raise a more serious concern. In response to these RFPs, Home Depot initially asserted that it had no responsive documents. After Plaintiff presented Home Depot with responsive documents from Defendant Resin Partners, which reflected correspondence with Home Depot personnel, Home Depot conducted additional searches and found responsive documents. This calls into question the reasonableness of the initial searches conducted by Home Depot. This is the sort of thing that can result in serious sanctions under Rule 37 and under Rule 26(g). But, considering the circumstances of this motion, and the fact that responsive materials have been located and are being produced, the Court will decline to consider sanctions at this time. Home Depot is cautioned to be significantly more diligent in the future.

In Home Depot's response to RFP No. 8, it takes the position that an

RFP calling for "all design and development documents . . ." does not include correspondence about the design and development documents. The Court finds no fault with Home Depot here. Had Plaintiff requested "all documents pertaining to the design and development of [the sawhorse]," we would have a different outcome. But, asking only for design and development documents is a narrower request and does not extend to all documents about the design and development of the product. No further response is required.

2. Resin Partners

a. RFP Nos. 6 and 8

In RFP No. 6, Plaintiff requested the production of "[a]ll design drawings for the Husky 23 inch compact sawhorse, 2 pack manufactured by you." In RFP No. 8, Plaintiff requested the production of "[a]ll design and development documents for the Husky 23 inch compact sawhorse, 2-pack manufactured by you." In response to RFP No. 6, Resin Partners produced the design drawings for the sawhorse sold to Plaintiff but initially did not disclose designs for subsequent versions of the product. In response to correspondence from Plaintiff, Defendant Resin Partners disclosed design documents for a later version of the product. In response to RFP No. 8, Resin Partners produced the same design documents produced in response in RFP No. 6, including the later produced subsequent product design documents and produced test results for the product purchased by Plaintiff.

Plaintiff challenges the manner in which Resin Partners responded to RFP No. 6. Plaintiff asserts that when pressed for a further response from Plaintiff, Defendant responded with 1300 pages of material without identifying the responsive material contained within. Plaintiff appears to be conflating the differing requirements of Rules 33 and Rule 34. Under Rule 33(d), a party can respond to an interrogatory by instead producing business

6

records but the party must specify the records to be reviewed in sufficient detail and identify them as readily as the responding party could. Plaintiff's complaint would be well-founded if this was a response to an interrogatory. Rule 34, however, has no such specification requirements. Defendant produced responsive information. Plaintiff's assertion that this production of 1300 pages of material is tantamount to a "data dump" is not-well-founded.

Regarding RFP No. 8, Plaintiff asserts that the responsive information should have included such things as design schedules, budgets, materials, emails, meeting minutes and videos/photographs of testing. Defendant asserts that if Plaintiff wanted this information, Plaintiff should have specifically asked for it. Defendant has the upper hand here. Rule 34(b)(1)(A) provides that a party requesting production of documents "must describe with reasonable particularity each item or category of items to be [produced]." The term "documents" without a supporting definition, does not provide the level of specificity required by the Rule. Nevertheless, Defendant has stated that it has produced responsive information. No further response is required.

b. RFP No. 7

Plaintiff requests the production of "[a]ll documents related to testing of the Husky 23 inch compact sawhorse, 2-pack manufactured by you, specifically all test reports." Defendant initially responded by producing test reports for the sawhorse purchased by Plaintiff. Upon request, Defendant later produced test reports for the re-designed product. There is no apparent dispute here.

c. RFP No. 13

Plaintiff requests "[a]ll documents reflecting communications between [Resin Partners] and Home Depot relating to the design and manufacture of

7

any folding plastic sawhorse, including what eventually became the Husky 23 inch compact sawhorse, 2-pack." Plaintiff complains that Defendant should have produced documents for a sawhorse product called the "Workhorse 23." Defendant responds that Plaintiff should have specifically requested such documents. Regardless, Defendant claims to have produced the responsive information. Plaintiff's bald assertion that Defendant's production "appears" incomplete is not persuasive. There is no dispute here. No further response is required.

## **CONCLUSION**

With the exception of requiring Defendant Home Depot to produce the additional materials that it has agreed to produce by a date certain, 14 days from the date of this Order, Plaintiff's motion to compel, as presented in the instant Joint Motion, otherwise is **DENIED**. No sanctions will be imposed.

**IT IS SO ORDERED.**

Dated: October 24, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge