UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MAIORANO, individually and as successor in interest to Anthony Maiorano,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., and individually doing business as Husky; RESIN PARTNERS, INC.,<br><br>Defendants. | Case No.: 3:16-cv-02862-BEN-MDD<br><br>**ORDER ON MOTIONS IN LIMINE** |

On September 29, 2016, Plaintiff Deborah Maiorano, individually and as successor in interest to Anthony Maiorano, filed her initial complaint against Defendant Home Depot U.S.A., Inc. ("Home Depot") in the California Superior Court.[1] (Docket No. 1-3.) On November 22, 2016, Home Depot removed the action to this Court. (Docket No. 1.) On March 21, 2017, the Court granted Plaintiff's motion to amend her complaint to add Resin Partners, Inc. ("Resin") as a defendant. (Docket No. 23.) On March 22, 2017, Plaintiff filed the operative First Amended Complaint ("FAC"), which asserts eight

---

[1] Case No. 37-2016-00034265-CU-PO-CTL.

1

claims for relief under theories of negligence, strict products liability, failure to warn, breach of implied warranties, personal injury, and wrongful death, all of which arise from the death of her husband, decedent Anthony Maiorano, while using Defendants' 23" Husky sawhorse (the "Subject Sawhorse").

In preparation for trial, the parties filed several motions in limine to exclude evidence. The motions are fully briefed. The Court addresses each in turn.

## LEGAL STANDARD

Rulings on motions in limine fall entirely within this Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03-1431 SBA (EDL), 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony). Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

## DISCUSSION

### I. Plaintiff's Motions in Limine

A. <u>Motion No. 1 – Character Evidence of Decedent Anthony Maiorano</u>

Plaintiff seeks to exclude evidence of decedent Anthony Maiorano's "history with alcohol, drugs, and 'partying'," and "the fact that he had been 'clean and sober for many years prior to the accident.'" (Docket No. 48 at p. 3.) Defendants filed a notice of non-opposition to this motion. (Docket No. 55.) The Court finds good cause exists to

2

3:16-cv-02862-BEN-MDD

exclude evidence that decedent Anthony Maiorano had a history of "partying," consuming alcohol and/or drugs, or was "clean and sober" prior to the incident that is the subject of Plaintiff's action. The motion is **GRANTED**.

   B. <u>Motion No. 2 – Defendants' Expert and Employee Witness Testimony</u>

   Plaintiff next asks the Court to exclude any expert reports and testimony Defendants might attempt to introduce because Defendants failed to designate any such expert or serve any such reports as required under Federal Rule of Civil Procedure 26(a)(2). (Docket No. 49.) In particular, Plaintiff seeks to exclude the testimony of Marc Zupan ("Zupan"), who they assert is a retained expert.

   In their opposition, Defendants indicate they do not object to the portion of Plaintiff's motion that requested exclusion of "expert testimony from retained experts" or "prevent[ed] Defendants' company employees from offering expert testimony." (Docket No. 56 at p. 2.) Defendants only oppose the exclusion of Zupan's testimony at trial. They contend Zupan is a percipient, rather than expert witness, and should be allowed to testify as a lay witness as to his percipient knowledge that may impeach the testimony of Mark Peterman, one of Plaintiff's witnesses.

   It is undisputed that Defendants did not designate an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). Accordingly, the motion is **GRANTED** as to Plaintiff's request to exclude any expert reports and testimony. However, to the extent Plaintiff seeks a blanket exclusion of Zupan's testimony, because it is unclear how Defendants will elicit Zupan's testimony, the motion is **DENIED**.

**II. Defendants' Motions in Limine**

   A. <u>Motion No. 1 – Expert Opinions and Improper Lay Witness Opinions</u>

   Like Plaintiff, Defendants seek to exclude any expert reports and testimony Plaintiff might attempt to introduce for failure to designate any such expert or serve any such reports pursuant to Federal Rule of Civil Procedure 26(a)(2). (Docket No. 50.) The motion also indicates Defendants seek to exclude what they believe will be improper lay witness testimony. In opposition, Plaintiff agrees that any expert reports and testimony

3

3:16-cv-02862-BEN-MDD

should be excluded at trial, but opposes the motion to the extent that it seeks exclusion of any lay witness testimony. The Court agrees with Plaintiff that the remainder of Defendants' motion is unclear as to what other specific evidence Defendants' wish excluded. Therefore, because the parties agree that all expert witness reports and testimony should be excluded, the motion is **GRANTED** as to this evidence, and **DENIED** in all other respects as premature.

B.  Motion No. 2 – Subsequent Remedial Measures

Relying on Federal Rule of Evidence 407, Defendants ask the Court to exclude "any evidence of post-sale design changes to the [Subject Sawhorse]." (Docket No. 51 at p. 2.) Under Rule 407, a plaintiff may not introduce evidence of measures taken "that would have made an earlier injury or harm less likely to occur" (*i.e.*, "remedial actions") to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. Fed. R. Evid. 407. However, "the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures." *Id.*

Defendants contend, without citation to authority, that "while remedial actions occurring post-sale but pre-accident may fall outside the scope of Rule 407, only changes made prior to the initial sale of a product may be relevant to liability[.]" (Mot. at p. 3.) Simply put, evidence that the Subject Sawhorse underwent design changes after Anthony Maiorano purchased the Subject Sawhorse but before his accident is relevant to Plaintiff's claims, and as Defendants concede, is not excluded by Rule 407. Thus, to the extent Defendant seeks to exclude pre-accident design changes to the Subject Sawhorse, the motion is **DENIED**.[2]

Defendants further contend that none of the exceptions to Rule 407 apply because there is no dispute about ownership, control, or feasibility. (*Id.* at p. 4.) But as Plaintiff

---

[2] It is undisputed that Anthony Maiorano's accident occurred on April 20, 2016.

4

points out, Defendants put feasibility at issue when they asserted in their joint answer that they "are informed and believe that no alternative design or formulation was available that would have prevented the harm for which Plaintiff seeks to recover damages and not impair the product at issue." (Docket No. 26 at p. 4.) Moreover, Defendants do not specify what design changes were feasible, which means evidence of feasibility may still be relevant. *See Boeing Airplane Co. v. Brown*, 291 F.2d 310, 315 (9th Cir. 1961) ("In our opinion an admission that unspecified 'changes' would have been feasible and were actually made does not render irrelevant evidence as to specific changes subsequent to the accident when offered for the limited purpose of proving the feasibility of such changes to correct the specific defects in issue.").

In reply, Defendants argue that *Gauthier v. AMF, Inc.*, 788 F.2d 634 (9th Cir. 1986), teaches that because they "are not disputing feasibility of precautionary measures," they "need not go further and stipulate that a safer alternative design would have been feasible." (Docket No. 71 at p. 3.) However, *Gauthier* is distinguishable. The Ninth Circuit found feasibility undisputed because the *Gauthier* defendant had *admitted* the feasibility of a *specific* alternative design in a motion in limine. *Gauthier*, 788 F.2d at 637 ("AMF did not dispute feasibility. In its memorandum in support of its motion in limine, AMF *admitted* that the engineering knowledge was available in 1972 to install deadman controls and the cost was not prohibitive.") (emphasis added). Here, nothing in Defendants' motion in limine to exclude subsequent remedial measures (or its reply) can be construed as an admission or stipulation regarding feasibility.

Therefore, to the extent Plaintiffs attempt to offer post-accident design changes (*i.e.*, after April 20, 2016) to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction, Defendant's motion is **GRANTED**.[3] In all other respects, it is **DENIED**.

---

[3] Plaintiff's argument that they should be permitted to use post-accident design changes for all purposes because Defendants contend no remedial design changes

5

C. Motion No. 3 – Customer Reviews and/or Complaints

Defendants request exclusion of evidence of other alleged failures or incidents involving the same model sawhorse as the Subject Sawhorse, including customer reviews or comments on the grounds that Plaintiff cannot demonstrate substantial similarity or are based on inadmissible hearsay evidence.[4] (Docket No. 52.)

A plaintiff attempting to introduce evidence of other accidents as direct proof of negligence, design defect, or notice of the defect must first make a showing of "substantial similarity." *Younan v. Rolls-Royce Corp.*, No. 09CV2136-WQH-BGS, 2013 WL 1899919, at *9 (S.D. Cal. May 7, 2013) (citing *White v. Ford Motor Co.,* 312 F.3d 998, 1009 (9th Cir. 2002); *Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1105 (9th Cir. 1991)). "Minor or immaterial dissimilarity does not prevent admissibility." *Id.* (quoting *White,* 312 F.3d at 1009) (internal citation and quotation marks omitted).

---

occurred is not persuasive. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (finding plaintiffs could not "sidestep" Rule 407 by arguing the subsequent change was not a "remedial" measure based on the defendant's affidavit that the change was "not prompted by safety concerns":

> But Breg's *motive* for making the change is irrelevant. All the rule requires is that the measure "would have made the injury or harm less likely to occur." Fed. R.Evid. 407. Regardless of Breg's stated reason for the change, the plaintiffs undoubtedly wanted the *jury* to conclude that Breg added the warning because the product was unsafe without it. That is precisely the type of inference that Rule 407 forecloses, in order to avoid discouraging the taking of remedial measures.

*Chlopek*, 499 F.3d at 700 (citing *Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042, 1045 (7th Cir.2 007); *Lust v. Sealy, Inc.,* 383 F.3d 580, 585 (7th Cir. 2004) (emphasis in original); *see also Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 960-61 (E.D. Cal. 2013) (citing *Chlopek*, 499 F.3d at 700).

[4] Although Defendants' motion indicated they had attached as exhibits spreadsheets regarding the evidence they wished excluded from trial, the docket reflects no such documents were attached.

6

The degree of substantial similarity is dependent on how the evidence is to be used. If the evidence is being offered "to illustrate the existence of a dangerous condition," a higher degree of similarity is necessary "because it weighs directly on the ultimate issue to be decided by the jury." *Id.,* 2013 WL 1899919, at *9 (quoting *Four Corners Helicopters, Inc. v. Turbomeca, S.A.,* 979 F.2d 1434, 1440 (10th Cir. 1992)). On the other hand, the degree of substantial similarity is relaxed where the evidence offered is used "to demonstrate notice or awareness of a potential defect. Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence." *Id.* (internal quotation marks omitted). Additionally, evidence of other accidents is admissible for impeachment purposes. *See Cooper*, 945 F.2d at 1105 (concluding that evidence of other accidents is admissible "when relevant to the witness's credibility") (internal citations omitted).

At this stage, the Court does not know what evidence Plaintiff will attempt to offer, how such evidence will be used, or whether any hearsay exceptions apply. As a result, Defendants' motion is **DENIED**.

### D. Motion No. 4 – Third-Party Witness Mark Peterman

Defendants seek to exclude or limit the testimony of Mark Peterman ("Peterman"), one of Plaintiff's witnesses, who they anticipate will offer what amounts to expert witness opinions from Peterman or otherwise inadmissible testimony arising from hearsay or speculation. (Docket No. 53.) In opposition, Plaintiff represents that she only intends to elicit percipient witness testimony, as permitted under Federal Rule of Evidence 701. (Docket No. 68 at pp. 5-6.) The Court has already ruled to exclude expert testimony, and again finds Defendants' motion premature as it is too early to know what testimony Plaintiff will elicit from Peterman, whether the proper foundation will be laid, and/or what hearsay exceptions may or may not apply. Accordingly, the motion is **DENIED**.

///
///

E. <u>Motion No. 5 – Consumer Expectations and Risk-Benefit Tests</u>

Finally, Defendants seek to exclude "evidence and argument on the issue of design defect" under either the consumer expectations or risk-benefit tests. (Docket No. 54.) California law permits a plaintiff to prove a product's design defect "under either of two alternative tests – the consumer expectations test or the risk-benefit test." *Demara v. Raymond Corp.*, 13 Cal. App. 5th 545, 553 (2017) (citing *Barker v. Lull Eng'g Co.,* 20 Cal. 3d 413, 418, 432, 435 (1978) (emphasis in original omitted). Under the consumer expectations test, a product is defective in design "if the product fails to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 182 (2013) (citing *Barker*, 20 Cal. 3d at 418). Under the risk-benefit test, a product is defective in design "if the benefits of the design do not outweigh the risk of danger inherent in the design." *Id.*

The tests are not mutually exclusive; "depending on the facts and circumstances of the case, both may be presented to the trier of fact in the same case." *Demara*, 13 Cal. App. 5th at 554 (citing *Saller v. Crown Cork & Seal Co., Inc.*, 187 Cal. App. 4th 1220, 1232 (2010); *Barker*, 20 Cal. 3d at 418, 430, 435). Both tests require a plaintiff to establish that "the product's failure to perform safely was a substantial factor in causing" the plaintiff's alleged harm. *Id.*, 13 Cal. App. 5th at 554. "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm." It must be more than a remote or trivial factor. It does not have to be the only cause of the harm." *Id.* at 554-55 (quoting CACI No. 430).

Thus, in requesting the Court preclude Plaintiff from presenting any evidence to support the applicability of either test, Defendants are in actuality seeking what amounts to summary judgment on Plaintiff's design defect claim. At trial, it may become evident that Plaintiff is ultimately unable to produce evidence to support application of either test, but the Court cannot make that determination at this time. This is an improper use of a motion in limine, and Defendants' motion is therefore **DENIED**. *Bush v. Marriott*

8

*Vacations Worldwide Corp.*, No. CV 15-01214-AB (KKX), 2016 WL 9447191, at *1 (C.D. Cal. Nov. 21, 2016) ("Broadly speaking, a motion *in limine* is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." [*Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).] Although district courts have broad discretion in ruling on motions *in limine*, courts must be careful not to use them to resolve factual disputes or to weigh evidence.") (additional internal citations omitted).

## CONCLUSION

In summary, the Court rules as follows:

1. The Court **GRANTS** Plaintiff's Motion in Limine No. 1. (Docket No. 48.)
2. The Court **GRANTS** Plaintiff's Motion in Limine No. 2 as to the exclusion of Defendants' expert reports and witness testimony only. (Docket No. 49.)
3. The Court **GRANTS** Defendants' Motion in Limine No. 1 as to the exclusion of Plaintiff's expert reports and witness testimony only. (Docket No. 50.)
4. The Court **GRANTS** Defendants' Motion in Limine No. 2 as to the exclusion of post-accident remedial design changes offered to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction only. (Docket No. 51.)
5. The Court **DENIES** Defendants' Motion in Limine No. 3. (Docket No. 52.)
6. The Court **DENIES** Defendants' Motion in Limine No. 4. (Docket No. 53.)
7. The Court **DENIES** Defendants' Motion in Limine No. 5. (Docket No. 54.)

In addition, because the Court has ruled on all of the parties' motions in limine, the hearing on these motions currently scheduled for May 15, 2018 at 10:30 a.m. is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 9, 2018

Hon. Roger T. Benitez
United States District Judge